```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
THE OMEGA INSTITUTE, INC., d/b/a
MONEY TREE TRAINING GROUP,

                    Plaintiff,              08-CV-6473

          v.                                **DECISION
                                            AND ORDER**
UNIVERSAL SALES SYSTEMS, INC., ED
DORRIS, CHRIS BENTON, and ALLEN SHELDON,

                    Defendants.
_____
```

## **INTRODUCTION**

Plaintiff The Omega Institute, Inc. d/b/a Money Tree Training Group ("plaintiff" and/or "Money Tree"), brought this action against defendants Universal Sales Systems, Inc. ("Universal"), Ed Dorris ("Dorris"), Chris Benton ("Benton") (collectively "Universal defendants"), and Allen Sheldon, alleging causes of action including: copyright infringement, breach of contract, misappropriation and other related claims that defendants improperly copied and/or duplicated work created by plaintiff. The Universal defendants denied plaintiff's allegations and asserted three affirmative defenses, but did not include a counterclaim. Plaintiff has moved to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Money Tree claims it is no longer in business and as a result cannot proceed with this action. The Universal defendants however refuse to stipulate to a dismissal without prejudice and request that plaintiff's withdrawal of the Complaint must be with prejudice. The Universal Defendants request that this court deny plaintiff's

motion, and grant a dismissal of this matter with prejudice. In the alternative, the Universal defendants have filed a cross-motion requesting an Order compelling plaintiff to respond to outstanding discovery demands. For the reasons set forth below, I hereby grant plaintiff's motion to dismiss this case without prejudice and deny the Universal defendants' cross-motion.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint on or about October 17, 2008. The Universal defendants answered the Complaint on November 10, 2008. According to plaintiff, due to the economy and its own resulting financial constraints, Money Tree laid off all its employees and ceased operating a majority of its business during the second fiscal quarter of 2009. See Declaration of Paul L. LeClair ("LeClair Decl."), ¶5. As a result of having to close its business, plaintiff did not and presently does not have the resources to continue litigating this matter. See id. On May 5, 2009 and July 2, 2009, counsel for the Universal defendants wrote letters to plaintiff's counsel demanding that the case be dismissed. See id. The Universal defendants believe that if this matter is litigated, it would prove that the allegations made by plaintiff lacked merit. See Affidavit of Glenn E. Pezzulo ("Pezzulo Aff."), ¶12. As such, when plaintiff's counsel suggested that the instant litigation be dismissed, the Universal defendants requested that it be dismissed with prejudice. See id.

The Universal defendants rely on an action in state court[1] where plaintiff and its principals were sued for allegedly the same claims[2] for which plaintiff is now suing the Universal defendants. See id., ¶5. Indeed, the Universal defendants state that both Benton and Dorris were employees of the plaintiff when the plaintiff was sued in the Prior Action. See id., ¶7. Further, they argue that all the materials used by each of these entities are identical and that this was further confirmed by the decision in state court which held that the materials used by the entities were not protectable as trade secrets. See id., ¶8. Accordingly, the Universal defendants claim that they cannot accept a dismissal without prejudice since they have a right to a determination as to whether they may continue to use their materials. See id., ¶13.

On July 7, 2009 plaintiff's counsel informed counsel for the Universal defendants that plaintiff was willing to enter into a stipulation dismissing the action. See id. However, plaintiff was only willing to stipulate to dismiss the action, if it was without prejudice since plaintiff wanted to avoid the preclusive effect of a dismissal. See id. The Universal defendants rejected plaintiff's July 7 offer and served various discovery demands upon plaintiff on

---

[1] See Sales Strategies Group, Inc., as successor in interest to J.D. Real Estate and Joseph DiLeo v. Patrick Fenton, Brian Bailey and The Omega Institute, Inc., d/b/a Money Tree Training Group, NY Supreme Court, Monroe County (the "Prior Action").

[2] J.D. Real Estate, Sales Strategies Group, Inc., Universal and plaintiff are all in the same business of motivational speaking. See id. Each of these companies was set up similarly, whereby they put on free half-day seminars throughout the country for professionals in the real estate and mortgage industry, in the hopes of getting them to pay for furthering motivational sessions and training. See id.

July 21, 2009. See id. Plaintiff's responses were due in August 2009. Instead of responding to the Universal defendants' discovery demands, plaintiff filed the instant motion. No other discovery or proceedings have taken place in this action.

Plaintiff contends that this motion was filed because it is unwilling to stipulate to dismiss this action on the merits and with prejudice. In this regard, plaintiff claims that the training materials that is at issue in this action have been copyrighted, are the property of plaintiff, and may be used again by them or a successor assignee. See LeClair Decl., ¶6. As a result, plaintiff asserts that dismissing this action on the merits is tantamount to providing a license to the Universal defendants to continue using such materials. See id. On the other hand, the Universal defendants argue that because no discovery responses have been served, there is no proof of the copyright status of the materials, or even which materials have been copyrighted or are at issue. See Pezzulo Aff., ¶16. Further, the Universal defendants argue that it was plaintiff who commenced the instant action, an action based upon materials that plaintiff was aware were previously held to be not protectable. See id.[3] In addition, the Universal defendants state that they rely upon these materials to conduct their business. See id. However, the Universal defendants claim that they are confident

---

[3] It this respect, the Universal defendants have failed to plead the conclusiveness of the prior state court proceeding. Indeed, an examination of the Universal defendants' Answer indicates that they have failed to affirmatively plead *res judicata* or estoppel in their Affirmative defenses. See Fed.R.Civ.P. 8(c).

that if this matter was litigated, the materials at issue would again be held to be not protectable. See id.

**DISCUSSION**

**I.  Motion for Voluntary Dismissal**

**A.  Standard of Review**

Under Federal Rule of Civil Procedure 41(a)(2), courts may permit a party to withdraw its claims. Fed.R.Civ.P. 41(a)(2). The decision whether to grant a Rule 41(a)(2) motion for voluntary dismissal lies within the sound discretion of the court. See Catanzano v. Wing, 277 F.3d 99, 109 (2d Cir.2001); Banco Central de Paraguay v. Paraguay Humanitarian Foundation, Inc., 2006 WL 3456521 (S.D.N.Y.2006) (Dismissals under Rule 41(a)(2) are discretionary). In Banco Central de Paraguay, the court explained, "Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." Id. at *6 (citations omitted). "Starting a litigation all over again does not constitute legal prejudice." Cantanzo, 277 F.3d at 110.

In Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir. 1990), the Second Circuit established five factors that a court should consider in determining whether a defendant will suffer legal prejudice. These include: 1) the plaintiff's diligence in bringing the motion; 2) any "undue vexatiousness" on the plaintiff's part; 3) the extent to which the suit has progressed

including the defendant's effort and expense in preparation for trial; 4) the duplicative expense of relitigation; and 5) the adequacy of plaintiff's explanation for the need to dismiss. Id.

   **B.   The Zagano Factors Weigh in Favor of Dismissal Without Prejudice**

In this case, all the aforementioned Zagano factors militate in favor of dismissal.

   **a.   Diligence in Bringing this Motion**

When analyzing whether a party was diligent in bringing a motion, courts have focused on whether or not the moving party encouraged the non-moving party to continue discovery without any intention of pursuing its claims. See Pac. Elec. Wire & Cable Co. v. Set Top Int'l Inc., 2005 WL 578916 (S.D.N.Y.2005); Banco Central de Paraguay, 2006 WL 3456521 at 4. In addition, courts consider factors such as the length of time an action has been pending. See Guzman v. Hazemag U.S.A., Inc., 145 F.R.D. 308 (E.D.N.Y.1993); Bosteve Ltd. v. Murauszwki, 110 F.R.D. 257, 259 (E.D.N.Y.1986) (cited in Zagano, 900 F.2d at 14). However, the length of time an action has been pending is not a dispositive factor. See Thomas v. N.Y. Dept. of Corr. Services, 2004 WL 1871060 (S.D.N.Y.2004). Courts are concerned with whether the efforts of the party were "geared towards an efficient resolution." United States v. Underwriters Ins. Co. v. United Pacific Assocs., 2006 WL 2038507, at *2 (E.D.N.Y.2006).

Here, plaintiff filed its Complaint on October 17, 2008 and the Universal defendants answered on November 10, 2008. Money Tree then laid off all its employees and ceased operating a majority of its business during the second fiscal quarter of 2009 i.e. June 2009. Soon thereafter plaintiff sought voluntary dismissal. Plaintiff's counsel communicated with counsel for the Universal defendants in July 2009 concerning a possible stipulation of dismissal of the action. When the Universal defendants rejected plaintiff's offer by serving various discovery requests upon plaintiff in late July 2009, plaintiff' responded by filing the instant motion in August 2009. In addition, plaintiff commenced this action on October 17, 2008 and the Universal defendants filed their Answer on November 10, 2008. Plaintiff's motion to dismiss was filed on August 2009, less than a year after the action began. Aside from the discovery demands by the Universal defendants, no other discovery or proceedings have taken place in this action. Accordingly, litigation had barely begun, a scheduling had not even been issued and the parties are at the very early stages of litigation. Thus, plaintiff did not delay in bringing its motion for dismissal without prejudice.

  **b. "Undue Vexatiousness"**

Defendants point to no concrete evidence of "undue vexatiousness." In determining whether a party was unduly vexatious in pursuing its claim, courts consider whether the party had "ill-motive." <u>Jewelers Vigilance Comm., Inc. v. Vitale, Inc.</u>, 1997

WL 582823, at *3 (S.D.N.Y.1997). As with the diligence factor, courts find "ill-motive" where plaintiff has assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal. See Pac. Elec. Wire & Cable Co., 2005 WL 578916, at *5. Plaintiff has provided sufficient reason why pursuit of these claims at this time would be impractical, and the Universal defendants have pointed to no specific evidence of vexatious conduct as required by the court in Jewelers Vigilance Committee, 1997 WL 582823, at *3. In Jewelers Vigilance Committee, the court did not approve of the plaintiff's litigation tactics: "Plaintiff proceeded with discovery and moved for summary judgment years after its claims became moot. But, absent concrete evidence of any ill-motive on Plaintiff's part, the Court declines to label Plaintiff's conduct 'vexatious.'" 1997 WL 582823 at *3. Here, plaintiff notified the Court of its desire to dismiss the action as soon as its circumstances for continuing to pursue its claims became unfeasible. In addition, plaintiff's motion to dismiss did not occur on the eve of trial or when presented with a summary judgment motion.

Further, plaintiff's claims were not baseless or frivolous, nor has plaintiff engaged in any patently dilatory or inappropriate motion practice. The Universal defendants attempt to suggest that the plaintiff's claims are devoid of merit and that its only purpose in bringing this action is to harass them. However, a court can resolve the question of vexatiousness without first holding a

trial on the merits of plaintiff's claims. It is not necessary for the Court to show that the Universal defendants' conduct was blameless to conclude that plaintiff's claims was vexatious to the litigation. In any event, plaintiff's view of the law may be reasonable even if it is not ultimately sustained. Thus, in ruling that plaintiff's conduct has not been vexatious, the court reaches no conclusion concerning whether plaintiff would have prevailed on the merits had these claims been brought forth at trial; instead, the court simply finds that these claims were filed in good faith, and that the legal arguments and litigation strategies employed by plaintiff were neither malicious, nor frivolous, nor otherwise improper.

**c. The Suit has not Progressed to a Prejudicial Point**

The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of "primary importance." Comunidad Autonoma del Pais Vasco v. Am. Bureau of Shipping, Inc., 2006 WL 2254958 at *3 (S.D.N.Y.2006). "[T]he focus of the analysis on a motion for voluntary dismissal is the prejudice to the defendant." BD ex. Rel. Jean Doe v. DeBuono, 193 F.R.D. 117, 123 (S.D.N.Y.2000). This factor also weighs in favor of dismissal of plaintiff's action. As mentioned above, discovery has not fully commenced and trial preparation has not begun. The case is still in its early stages and as such the parties have done little (if anything) to prepare for trial. Aside from this pending motion, no other motions have been filed. The Complaint was filed in October

2008 and the only discovery requested to date is the Universal defendants' first discovery demands served upon plaintiff in July 2009. In addition, no depositions have been taken and plaintiff has not answered any discovery requests and has not served any discovery requests upon the Universal defendants.

The status of this case in the context of a voluntary dismissal stands in contrast to cases where courts have found prejudice. For example, in Deere & Co. v. MTD Holdings, Inc., 2004 WL 1432554, at *2 (S.D.N.Y.2004) the court found there was substantial legal prejudice where the case had been pending for nearly four years, there had been 62 depositions taken, thousands of documents had been produced by both parties, numerous motions had been filed and disposed of, the defendant had incurred $6 million in legal fees, and discovery had been completed. That magnitude of discovery is clearly not evidenced by the facts in this case. In fact, this case is more similar to Catanzano, 277 F.3d at 109, in which the Second Circuit held that the district court abused its discretion by declining to dismiss the plaintiff's claim without prejudice since "only halting discovery had taken place" and it "had been litigated to such a limited extent[.]" Id. at 110. Where discovery has been limited, as here, courts will dismiss cases and/or claims without prejudice.

**d. Duplicative Expense of Relitigation**

The duplicative expense that the Universal defendants would face if this case were litigated later appears to be minimal. "The

Page -10-

mere prospect of a second litigation" is insufficient to rise to the level of legal prejudice. See Jones v. SEC, 298 U.S. 1, 19 (1936); D'alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir.1996). However, courts are concerned about imposing duplicative expenses on defendants and chilling the legitimate activities of defendants, especially where costs and discovery have been significant. Deere, 2004 WL 1432554. Given the relatively small amount of discovery that has taken place thus far, the Universal defendants can easily use that work should plaintiff later choose to decide to reassert its claims. In Banco Central de Paraguay, the court found that, "whatever work defendants have done in preparing for trial can easily be used in a subsequent, similar action." 2006 WL 3456521, at 7.

As in Blaize-Sampeur v. McDowell, 2007 WL 1958909, at *4 (S.D.N.Y. 2007) the Universal defendants have argued, "that the allegations made by plaintiff lack merit." See Pezzulo Aff., ¶12. The Blaize-Sampeur court explained that "if such is the case, defendants will again be able to set forth their same arguments on a motion to dismiss in any subsequent action." Id.; see also Harlem Team for Self-Help, Inc. v. Abssinian Baptist Church of the City of N.Y., 189 F.R.D. 284, 286 (S.D.N.Y.1999). This argument applies with equal force to this case.

### e. Adequacy of Explanation

Courts consider whether the moving party has provided a "reasonable explanation for why it wishes to have its...claims

voluntarily dismissed without prejudice." Banco Central de Paraguay, 2006 WL 3456521, at * 7. In Catanzano, 277 F.3d at 110, the court found that the plaintiffs' "explanation, that they have brought the motion in order to facilitate an end to the litigation but that they wish to avoid preclusive effects of the district court's ruling on this claim, is adequate." However, courts have not been persuaded where they believe that the plaintiff seeks dismissal to "avoid the prospect of an adverse decision on a dispositive motion." Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F.Supp.2d 569, 572 (S.D.N.Y.2004). Here, plaintiff's explanation as to why it seeks a dismissal without prejudice is reasonable. Plaintiff states that due to the economy and its own resulting financial constraints, Money Tree laid off all its employees and ceased operating a majority of its business during the second fiscal quarter of 2009. As a result of having to close its business, plaintiff did not and presently does not have the resources to continue litigating this matter. This case is clearly distinguishable from Galasso, where the plaintiff's explanation for dismissal was "patently inadequate." 310 F.Supp.2d at 573. In Galasso, the plaintiff's explanation for seeking a dismissal without prejudice was "in order to preserve plaintiff's right to be heard, obtain discovery and obtain justice." Id. Here, the explanation is more acceptable than that provided in Galasso. This factor consequently weighs in plaintiff's favor. Accordingly, the five Zagano factors weigh in favor of dismissal of the action.

Thus, I find that the conditions of this case favor granting plaintiff's motion for a voluntary dismissal.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to dismiss this action without prejudice is granted and the Universal defendants' cross-motion to compel discovery is also denied without prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

<pre>                                    s/Michael A. Telesca
                                      Michael A. Telesca
                                   United States District Judge
</pre>

DATED: Rochester, New York
       February 5, 2010